EDGAR B. WASHBURN (#34038)
ewashburn@mofo.com
CHRISTOPHER J. CARR (#184076)
ccarr@mofo.com
SHAYE DIVELEY (#215602)
sdiveley@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

JOHN A. BEHNKE (#078720)
jbehnke@pacific.net
FRANK SHAW BACIK (#132565)
fbacik@pacific.net
CARTER, BEHNKE, OGLESBY & BACIK
169 Mason Street, Suite 300
Post Office Box 720
Ukiah, CA 95482
Telephone: (707) 462-6694
Facsimile: (707) 462-7839

Attorneys for Defendants THE PACIFIC LUMBER
COMPANY, SCOTIA PACIFIC COMPANY LLC,
SALMON CREEK LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENVIRONMENTAL PROTECTION INFORMATION CENTER; FRIENDS OF THE VAN DUZEN,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. FISH & WILDLIFE SERVICE; NOAA FISHERIES; PACIFIC LUMBER COMPANY; SCOTIA PACIFIC COMPANY LLC; SALMON CREEK LLC; DOES 1 through 30,<br><br>Defendants. | Case No.   C 04-4647 CRB<br><br>**STIPULATION AND [PROPOSED] ORDER** |

Plaintiffs ENVIRONMENTAL PROTECTION INFORMATION CENTER and

FRIENDS OF THE VAN DUZEN (collectively "EPIC") have brought this action against

Defendants U.S. FISH AND WILDLIFE SERVICE and NOAA FISHERIES (collectively "the Services") and Defendants Pacific Lumber Company, Scotia Pacific Company LLC and Salmon Creek LLC (collectively "PALCO"), challenging the Services' Biological Opinion and alleging failure to prepare a SEIS under NEPA for PALCO's Habitat Conservation Plan and Incidental Take Permits ("HCP/ITP"); and

A dispute has arisen with respect to EPIC's intention to seek a temporary restraining order ("TRO") against PALCO's timber harvesting pursuant to the conditions of the HCP/ITP; and

The parties have agreed to resolve this dispute by entering into a Stipulation, attached as **Exhibit A**, which provides, *inter alia*, that EPIC will not seek a TRO in return for PALCO's agreement to defer harvesting on a particular timber harvest plan pending the resolution of a motion for a preliminary injunction. The stipulation further provides a schedule for the filing, briefing and hearing on the various pleadings and moving papers resulting from EPIC's proposed Supplemental Amended Complaint.

**NOW, THEREFORE**, for good cause shown, the parties, by and through their respective counsel of record, stipulate and respectfully request this Court to enter an order as follows:

1. The hearing on EPIC's motion for preliminary injunction will be held on Friday, October 14, 2005.

2. EPIC will file and serve its motion for preliminary injunction on or before September 30, 2005. The motion may not exceed 30 pages.

3. The Services and PALCO will file and serve their respective oppositions to the motion for preliminary injunction on or before October 7, 2005. Each opposition may not exceed 30 pages.

4. The Services will deliver to the Parties by overnight mail on October 11, 2005, for filing with the Court on October 12, 2005, a partial administrative record for the Biological Opinion.

5. The Parties defer to the Court's discretion to grant or deny leave to file a reply brief under the terms included in the Parties' Stipulation, attached as **Exhibit A**.

6. The Parties jointly request that the June 9, 2005, Partial Motion to Dismiss, currently scheduled for October 7, 2005, should be rescheduled to be heard in conjunction with Plaintiffs' forthcoming Motion for a Preliminary Injunction on October 14, 2005.

7. The Parties jointly request that the November 4, 2005, hearing scheduled for the Services' withdrawn September 23, 2005, Motion for Partial Dismissal be vacated.

**IT IS SO STIPULATED.**

DATED: September 28, 2005

By: _____
Geoff Hickox

Attorneys for Plaintiffs ENVIRONMENTAL PROTECTION INFORMATION CENTER and FRIENDS OF THE VAN DUZEN

DATED: September 28, 2005     MORRISON & FOERSTER LLP

By: _____
Christopher J. Carr

Attorneys for Defendants THE PACIFIC LUMBER COMPANY, SCOTIA PACIFIC COMPANY LLC and SALMON CREEK LLC

DATED: September 28, 2005

By: _____
Keith Rizzardi

Attorneys for Defendants U.S. FISH AND WILDLIFE SERVICE AND NOAA FISHERIE

No. C 04-4647 CRB
STIPULATION AND [PROPOSED] ORDER
sf-2008044

3

DATED: September 28, 2005

By: _____
Geoff Hickox

Attorneys for Plaintiffs ENVIRONMENTAL PROTECTION INFORMATION CENTER and FRIENDS OF THE VAN DUZEN

DATED: September 28, 2005

MORRISON & FOERSTER LLP

By: _____
Christopher J. Carr

Attorneys for Defendants THE PACIFIC LUMBER COMPANY, SCOTIA PACIFIC COMPANY LLC and SALMON CREEK LLC

DATED: September 28, 2005

By: _____
Keith Rizzardi

Attorneys for Defendants U.S. FISH AND WILDLIFE SERVICE AND NOAA FISHERIE

# Exhibit A
Exhibit A

sf-1946958

# STIPULATION

## General Recitals

WHEREAS, Plaintiffs ENVIRONMENTAL PROTECTION INFORMATION CENTER and FRIENDS OF THE VAN DUZEN (collectively "EPIC") sued Defendants U.S. FISH AND WILDLIFE SERVICE and NOAA FISHERIES (collectively "the Services") and Defendants THE PACIFIC LUMBER COMPANY, SCOTIA PACIFIC COMPANY LLC and SALMON CREEK LLC (collectively "PALCO) in the U.S. District Court for the Northern District of California, alleging violations of the federal Endangered Species Act ("ESA"), National Environmental Policy Act ("NEPA") and the Administrative Procedures Act. This case, Environmental Protection Information Center v. U.S. Fish and Wildlife Service, Case No. C 04-4647 CRB, is hereinafter referred to as the "Federal Case;"

WHEREAS, Petitioner CENTER FOR BIOLOGICAL DIVERSITY ("CBD") sued Respondent CALIFORNIA DEPARTMENT OF FISH AND GAME and RYAN BRODDRICK (collectively "DFG") and Real Parties in Interest PALCO in the Superior Court of the State of California, Sacramento County, alleging violations of the California Endangered Species Act ("CESA") and California Environmental Quality Act ("CEQA"). This case, Center for Biological Diversity v. California Department of Fish and Game, Case No. 05CS01166, is hereinafter referred to as the "State Case;"

WHERES, the parties involved in the Federal Case and the State Case are hereinafter referred to as the "Parties;"

## Recitals Relating to the Supplemental Complaint and Consolidating Hearings In the Federal Case

WHEREAS, on September 20, 2005, following a reinitiated consultation under the ESA, FWS released a new Biological Opinion ("BiOp") addressing the impacts of the Habitat Conservation Plan/Incidental Take Permit ("HCP/ITP") on protected species and their habitat in light of new information;

WHEREAS, the release of this September 20, 2005, BiOp renders moot the First, Fourth and Fifth Causes of Action in EPIC's Second Amended Complaint, alleging a failure to reinitiate consultation; irreversible and irretrievable commitment of resources pending completion of consultation; and a failure of the preceding 1999 BiOp to utilize the best available scientific data, respectively, and these three claims are the subject of the Services' second Motion for Partial Dismissal pending before this Court and currently noticed for a hearing on November 4, 2005;

WHEREAS, the Service's first Motion for Partial Dismissal of EPIC's Second Amended Complaint is fully briefed and currently scheduled for a hearing on October 7, 2005;

WHEREAS, the Third and Eighth Causes of Action in Plaintiffs' Second Amended Complaint had been previously dismissed by this Court's April 22, 2005, Order on Defendants' Motion for Partial Dismissal of First Amended Complaint and were only included in the Second

Amended Complaint as a precautionary measure to ensure against any misconception that Plaintiffs have abandoned these claims for purposes of appeal;

WHEREAS, Plaintiffs have agreed in their September 2, 2005, Response to Motion for Partial Dismissal that the Sixth Cause of Action in the Second Amended Complaint should be dismissed with prejudice;

WHEREAS, the September 20, 2005, BiOp constitutes a final agency action arising from events occurring after the filing of the Second Amended Complaint and all Defendants have indicated that they do not oppose Plaintiffs' forthcoming Motion for Leave to File a Supplemental Complaint challenging the substance of the new BiOp;

WHEREAS, the Parties believe it is in the interest of judicial economy and efficient use of the Parties' resources to defer any disputes over claims for costs or attorneys fees associated with any of the resolved claims in this case until a later date;

### Recitals Relating to the Application for Injunctive Relief in the Federal and State Cases

WHEREAS, EPIC and CBD seek to enjoin PALCO's logging activities on certain Timber Harvest Plans ("THPs"). Both EPIC and CBD informed counsel for the Services, PALCO and DFG of their plans to file ex parte applications for temporary restraining orders ("TRO") in state and federal court, respectively. As of the date of this Agreement, neither EPIC nor CBD has served any moving papers or has secured a hearing date for such applications;

WHEREAS, PALCO has received all necessary approval and permits to begin logging on some of the THPs under the provisions of the HCP/ITP;

NOW THEREFORE, the Parties stipulate as follows:

### AGREEMENT

### Agreement Relating to the Supplemental Complaint and Consolidating Hearings In the Federal Case

1.  With respect to the dispute in the Federal Case regarding the pending Motions to Dismiss and Supplemental Amended Complaint, EPIC, the Services and PALCO agree to the following:

    a.  EPIC agrees to the voluntary dismissal with prejudice of the First, Fourth and Fifth Causes of Action from their Second Amended Complaint, pursuant to Fed. R. Civ. P. 41(a), except to the extent that the 1999 BiOp was incorporated into the September 20, 2005 BiOp, and therefore arguments which might have been made under the Fifth Cause of Action in the Second Amended Complaint may still be made under EPIC's forthcoming Supplemental Complaint challenge to the 2005 BiOp;

sf-2007805

b.  The Services agree to withdraw their second Motion for Partial Dismissal, dated September 23, 2005, of the above mentioned Causes of Action which have now been voluntarily dismissed by EPIC;

c.  EPIC, the Services and PALCO jointly request that the November 4, 2005, hearing scheduled for the Services' withdrawn September 23, 2005, Motion for Partial Dismissal be vacated;

d.  EPIC agrees that the Third and Eighth Causes of Action in the Second Amended Complaint have been dismissed with prejudice, but reserve the right to appeal the Court's prior ruling to dismiss the Third and Eighth Causes of Action at an appropriate future date;

e.  EPIC agrees that the Sixth Cause of Action in the Second Amended Complaint may be dismissed with prejudice;

f.  EPIC, the Services and PALCO agree to defer until a later date, or until the conclusion of this case, any claims for costs of attorneys fees associated with any of the resolved claims in this case; make no representations or waivers, and reserve all rights and defenses regarding such claims; and expressly agree to postpone any deadlines pertaining to the filing of a motion for costs and fees, including Fed. R. Civ. P. 54(d) which requires such motion within 14 days of entry of judgment;

g.  EPIC, the Services and PALCO agree that the Services' June 9, 2005 Partial Motion to Dismiss remains pending for adjudication with respect to the Second and Seventh Causes of Action;

h.  EPIC, the Services and PALCO further agree, for purposes of judicial efficiency, that the June 9, 2005, Partial Motion to Dismiss, currently scheduled for October 7, 2005, should be rescheduled to be heard in conjunction with Plaintiffs' forthcoming Motion for a Preliminary Injunction under the schedule proposed below, and respectfully request a continuance to that effect;

**Agreement Relating to the Application for Injunctive Relief in the Federal and State Cases**

2.  With respect to the dispute in the Federal and State Cases regarding the injunctive relief sought by EPIC and CBD, the Parties agree to the following:

a.  The Parties agree to the following schedule for briefing and a hearing on the pending and forthcoming motions:

(i)  EPIC will file a motion for preliminary injunction, seeking to invalidate the BiOp and Environmental Impact Statement on the HCP/ITP based on alleged non-compliance with ESA and/or NEPA, to be heard on October 14, 2005. The Parties will stipulate

to EPIC's filing of an application for an order shortening time for the hearing of EPIC's motion for preliminary injunction. EPIC will file and serve its motion on Friday, September 30, 2005. The Services and PALCO will file and serve their respective oppositions on Friday, October 7, 2005. The Services will deliver to the Parties by overnight mail on October 11, 2005, for filing with the Court on October 12, 2005, a partial administrative record for the BiOp. In addition, the Services will exercise best efforts to deliver documents to the Parties and the court prior to that date.

The Parties disagree with respect to the need for a reply brief and, thus, leave it to the Court's discretion. EPIC requests leave to file a reply brief, not to exceed 10 pages, on or before Tuesday, October 11, 2005. EPIC asserts a reply is necessary in light of the filing date for the administrative record, which will deprive plaintiffs of any opportunity to address documents contained therein, and in light of the facts that EPIC will need to reply to separate response briefs from both the Services and PALCO. The Service and PALCO oppose the need for EPIC to file a reply, especially in light of the Parties' stipulation to extend the applicable page limitations on opening and opposition briefs, as provided in Section 2(a)(iii). The Services and PALCO also note that the filing of a reply, especially on the expedited basis proposed, affords very little time for either the parties or this Court to review the document, and that EPIC will have adequate opportunity to respond to the defendants arguments at the October 14 hearing.

If, due to no action or omission of the Parties, the Court delays the hearing of EPIC's motion beyond October 28, 2005, this Agreement will automatically become void in its entirety. In such event, the provisions of Section 2(d) shall remain in effect.

(ii)  CBD will attempt to obtain a hearing date of no later than October 26, 2005, for a motion for preliminary injunction and stay of DFG's Consistency Determinations under CESA and CEQA. The Parties will stipulate to CBD's filing of an application for an order shortening time for the hearing of CBD's motion for preliminary injunction. CBD will file and serve its moving papers for the preliminary injunction nine court days before the hearing (if known) or by October 12, 2005, whichever is earlier. PALCO and DFG will file and serve their respective oppositions five court days before the hearing (if known) or by October 19, 2005, whichever is earlier.

Whether a reply may be filed resides in the discretion of the Court. CBD asserts a reply is necessary in light of the fact that CBD will

need to reply to separate response briefs from both the DFG and PALCO. DFG and PALCO oppose the need for CBD to file a reply, especially in light of the Parties' stipulation to extend the applicable page limitations on opening and opposition briefs, as provided in Section 2(a)(iii). DFG and PALCO also note that the filing of a reply, especially on the expedited basis proposed, affords very little time for either the parties or this Court to review the document, and that CBD will have adequate opportunity to respond to the defendants arguments at the hearing.

CBD will use best faith efforts to obtain an October 26, 2005, hearing date, and in no event will seek a TRO before October 13, 2005. If, as of the close of business of October 12, 2005, CBD has been unable to schedule a October 26, 2005, hearing date with the Court, this Agreement will automatically become void its entirety. In such an event, the provisions of Section 2(d) shall remain in effect.

If, due to no action or omission of the Parties, the Court delays the hearing of CBD's motion beyond October 28, 2005, this Agreement will automatically become void in its entirety. In such an event, the provisions of Section 2(d) shall remain in effect.

  (iii) The Parties in both the Federal Case and the State Case stipulate to extend the page limits for the opening and opposition papers to 30 pages.

 b. PALCO agrees to not conduct timber harvesting on THP 05-097 ("Bonanza") until:

  (i) EPIC's motion for preliminary injunction referenced in Section 2(a)(i), above, has been decided, withdrawn or otherwise resolved; and

  (ii) CBD's motion for preliminary injunction referenced in Section 2(a)(ii), above, has been decided, withdrawn or otherwise resolved.

 c. EPIC and CBD agree not seek a temporary restraining order, or other form of injunctive relief, with respect to THP 05-097 ("Bonanza"), or other of PALCO's THPs or portions of PALCO's THPs prior to the determination of their respective motions for preliminary injunction.

 d. In the event this Agreement becomes void due to circumstances specified in Section 2(a), above, and EPIC or CBD thereafter notifies PALCO and either FWS, in the Federal Case, or DFG, in the State Case, it will seek a TRO, PALCO will refrain from commencing harvesting on THP 05-097

("Bonanza") for 48 hours from the time it receives such notice. EPIC and CBD agree that each will serve TRO moving papers on PALCO and either FWS, in the Federal Case, or DFG, in the State Case, simultaneously with providing such notice.

3. This Agreement does not constitute admission, representation, or waiver by any of the Parties and may not be used by any of the Parties except for the purposes of enforcing the obligations agreed to herein.

4. To the extent that this Agreement is filed in federal court, the Parties agree that such filing does not constitute a general appearance by DFG in federal court. The Parties also agree that this agreement may not be used as a basis for contending that DFG has waived its Eleventh Amendment immunity. The undersigned Deputy Attorney General for the State of California is not authorized to waive DFG's Eleventh Amendment immunity, and does not. DFG will specifically assert its Eleventh Amendment immunity in response to any attempt to name it as a defendant in a federal action.

5. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. For purposes hereof, a facsimile copy of this Agreement, including the signature pages hereto, shall be deemed to be an original. Notwithstanding the foregoing, the parties shall deliver original execution copies of this Agreement to one another as soon as practicable following execution thereof.

DATED: September __, 2005

By:_____
GEOFF HICKCOX
Attorneys for Plaintiffs
ENVIRONMENTAL PROTECTION
INFORMATION CENTER and FRIENDS
OF THE VAN DUZEN

DATED: September __, 2005

By:_____
KEITH RIZZARDI
Attorneys for Defendants
U.S. FISH AND WILDLIFE SERVICE
AND NOAA FISHERIES

DATED: September 28, 2005

By: /s/ Christopher J. Carr
CHRISTOPHER J. CARR
Attorneys for Defendants/Real Parties In Interest
PACIFIC LUMBER COMPANY,
SCOTIA PACIFIC COMPANY, LLC and
SALMON CREEK LLC

DATED: September __, 2005

By:_____
JUSTIN AUGUSTINE
Attorneys for Petitioner
CENTER FOR BIOLOGICAL DIVERSITY

DATED: September __, 2005

By:_____
WILLIAM JENKINS
Attorneys for Respondents
CALIFORNIA DEPARTMENT OF FISH AND GAME and RYAN BRODDRICK

sf-2007805

# ~~PROPOSED~~ ORDER

Pursuant to stipulation and for good cause shown:

**IT IS HEREBY ORDERED** that the hearing on the Motion for Preliminary Injunction will be held on October 24, 2005. at 2:00 p.m.

**IT IS FURTHER ORDERED** that Plaintiffs ENVIRONMENTAL PROTECTION INFORMATION CENTER and FRIENDS OF THE VAN DUZEN will file and serve its motion for preliminary injunction, not to exceed 30 pages in length, on or before September 30, 2005.

**IT IS FURTHER ORDERED** that Defendants U.S. FISH AND WILDLIFE SERVICE and NOAA FISHERIES (collectively "the Services") and Defendants Pacific Lumber Company, Scotia Pacific Company LLC and Salmon Creek LLC (collectively "PALCO") will file and serve their respective oppositions, not to exceed 30 pages in length, on or before October 7, 2005.

**IT IS FURTHER ORDERED** that the Services will deliver to the Parties by overnight mail on October 11, 2005, for filing with the Court on October 12, 2005, a partial administrative record for the Biological Opinion.

**IT IS FURTHER ORDERED** that EPIC is [GRANTED ~~DENIED~~] leave to file a reply brief, not to exceed ten pages, on or before October 11, 2005.

**IT IS FURTHER ORDERED** that the Services' June 9, 2005, Partial Motion to Dismiss, currently scheduled for October 7, 2005, will be rescheduled to be heard in conjunction with Plaintiffs' forthcoming Motion for a Preliminary Injunction on October 24, 2005. at 2:00 p.m.

**IT IS FURTHER ORDERED** that the November 4, 2005, hearing scheduled for the Services' withdrawn September 23, 2005, Motion for Partial Dismissal is vacated.

IT IS SO ORDERED.

DATED: October 05, 2005

APPROVED
Judge Charles R. Breyer
United States District Court, Northern District of California

No. C 04-4647 CRB
STIPULATION AND [PROPOSED] ORDER
sf-2008044

4